IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TAFT BURTTON,

      **Petitioner,**

v.

      **Case No. 3:25-CV-01862-NJR**

WARDEN BRAGAN,

      **Respondent.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Taft Burtton seeks a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his custodial security classification.[1] (Doc. 1). Burtton is serving a 120-month sentence in the custody of the Bureau of Prisons ("BOP").[2] Burtton argues that the BOP improperly elevated his security classification based on a dismissed count from a prior unrelated criminal case in Nebraska state court. (Doc. 1, p. 6).

The matter is before the Court on preliminary review of the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any

---

[1] When Burtton originally filed his petition, he was an inmate at FCI Greenville in the Southern District of Illinois. (Doc. 1). He has since been transferred to FCI Atlanta in the Northern District of Georgia. (Doc. 7). But Burtton's transfer to a facility in another federal district does not deprive this Court of jurisdiction to address his petition. *See In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021).

[2] Burtton's underlying sentence arises out of his conviction of one count of conspiracy to distribute and possess with intent to distribute 10 grams or more of fentanyl analogue under 21 U.S.C. § 846 in the District of Nebraska. *See United States v. Taft Burtton*, No. 8:23CR28-001 (D. Neb. 2023) (Doc. 118 (Crim. Judgment)).

attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2254 when the petitioner challenges the fact or duration of confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The petitioner must be seeking a "quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). This means that habeas is an improper vehicle to challenge the *conditions* of a petitioner's confinement. *See Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) ("For prisoners, the difference between a civil rights action and a collateral attack is easy to describe. Challenges to conditions of confinement . . . fall under § 1983. Attacks on the fact or duration of confinement come under § 2254.") (citation modified). And "[w]hen there isn't even an indirect effect on duration of punishment," the Seventh Circuit "adhere[s] to [its] long-standing view that habeas corpus is not a permissible route for challenging prison conditions." *Robinson v. Sherrod*, 631 F.3d 839, 840-41 (7th Cir. 2011).

Here, Burtton's challenge to his security classification appears to attack the conditions of his confinement, not its fact or duration. "Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2241." *Brown v. Roal*, No. 12–cv–324, 2012 WL 3527079, at *1 (S.D. Ill. Aug. 14, 2012). Burtton argues that the BOP assigned him an elevated security classification based on conduct that was previously dismissed in an unrelated criminal

case. He claims that this decision amounts to a violation of his due process rights because it imposes a punishment without a finding of guilt beyond a reasonable doubt. But Burtton's petition conspicuously lacks any challenge to the fact or duration of his confinement. He neither seeks outright release from custody nor an order of parole. He simply argues that the BOP misclassified his security risk, which presumably restricts his movement and activity in prison. As such, Burtton's petition attacks the conditions of his confinement, not its fact or duration. And for that reason, Burtton cannot maintain a viable petition for writ of habeas corpus under 28 U.S.C. § 2241. *See Brown v. Roal-Warner*, No. 11–cv–479, 2012 WL 591402, at *2 (S.D. Ill. Feb 22, 2012) (holding that "changes in a prisoner's security level classification cannot be attacked using Section 2241").

## DISPOSITION

The Petition under 28 U.S.C. § 2241 for Writ for Habeas Corpus filed by Petitioner Taft Burtton (Doc. 1) is **DENIED with prejudice**. The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability is required to appeal from the dismissal or denial of a Section 2254 petition. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find the Court's

"assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 580 U.S. 100, 115 (2017). Here, no reasonable jurist would find it debatable that this Court's ruling is correct. Accordingly, the Court denies a certificate of appealability. Burtton may reapply to the United States Court of Appeals for the Seventh Circuit for a certificate of appealability if he wishes to pursue an appeal. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).

## NOTICE

If Burtton wishes to appeal the dismissal of this action, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). Burtton must list each issue he intends to appeal in the notice of appeal and in his motion for leave to appeal *in forma pauperis*, if he chooses to file one. *See* Fed. R. App. P. 24(a)(1)(C). If Burtton chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED:  April 13, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**